IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE X. LITTLES | : | CIVIL ACTION |
| v. | : | NO. 15-1941 |
| UNITED STATES OF AMERICA | : | |

## ORDER- MEMORANDUM

**AND NOW**, this 30th day of June 2015, upon consideration of the Defendant's Motion to Dismiss without prejudice (ECF Doc. No. 4), the *pro se* incarcerated Plaintiff's Motion to Transfer to the District of Arizona (ECF Doc. No. 5), and noting the District Court of New Jersey incorrectly transferred this matter to this Court believing the Plaintiff is incarcerated in this District although he is now incarcerated in the District of Arizona, it is **ORDERED** the Motion to Dismiss (ECF Doc. No. 4) is **DENIED** and the Motion to Transfer (ECF Doc. No. 5) is **GRANTED**.

It is further **ORDERED** under 28 U.S.C. §1406(a), the Clerk of this Court **shall transfer this case to the Clerk of the United States District Court for the District of Arizona** as the only appropriate venue for a *habeas corpus* plea of a federal inmate detained in the District of Arizona. This case shall be closed in this District.

*Analysis*

Shane Littles ("Littles") pled guilty to bank robbery in the District of New Jersey. Littles began serving his sentence at FCI Caanan located in the Middle District of Pennsylvania ("M.D.

Pa.") (ECF Doc. No 4 at 2). While incarcerated in the M.D. Pa., Littles filed a *habeas corpus* petition "challenging the manner in which the Federal Bureau of Prisons ("BOP") is executing his sentence" under 28 U.S.C. §2241(a).[1] *Id.* at 3. The esteemed Honorable Noel L. Hillman in the District of New Jersey determined the case should be transferred to this District ("E.D. of Pa."). *Littles v. United States*, Civ. No. 14-6371, 4 (D.N.J.) At some point after filing his petition, the BOP transferred Littles to federal prison in Tucson, Arizona.

### *This Court may not exercise personal jurisdiction.*

Jurisdiction over a defendant seeking *habeas corpus* relief is obtained by gaining *in personam* jurisdiction over the warden of the facility housing the inmate. *See United States v. Kennedy*, 851 F.3d 689 (3d Cir. 1988). "It is the warden of the prison or the facility where the [inmate] is held that is considered the custodian for purposes of a habeas action." *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"*Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242). Defendant Littles is incarcerated in the District of Arizona, not the E.D. of Pa. This Court may not exercise personal jurisdiction because it does not have jurisdiction over "the person who has custody over the petitioner," being the warden of the federal prison in the District of Arizona where Littles is incarcerated. *See Rumsfeld*, 542 U.S. at 434.

---

[1] Littles originally filed his *habeas* petition under 28 U.S.C. § 2255, but the District Court in New Jersey *sua sponte* changed the plea to a petition under § 2241 based on the "less stringent standards" a *pro se* defendant must meet to state a valid motion for *habeas corpus*. *Littles v. United States*, Civ. No. 14-6371, 4 (D. N.J.). The District Court allowed the substitution, stating "section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Id.* (citing *Coady v. Vaughn*, 251 F.3d 480 485-86 (3d Cir. 2001)). Littles challenges BOP's execution of his sentence seeking to have the BOP run his federal sentence concurrently with his state sentence, arguing for time served credits.

### *This matter should be transferred to the District of Arizona*

The esteemed Judge Hillman in the District of New Jersey incorrectly transferred this matter here based on a mistaken belief Littles is incarcerated in this District. Once in the M.D.Pa., he is now in Arizona (ECF Doc. No. 5). This Court has no connection to the present case other than this mistaken transfer. The E.D. of Pa. is an inappropriate venue for this proceeding.

A district court is authorized under 28 U.S.C. § 1406(a) to dismiss or transfer a case to another district court even if it does not have jurisdiction. *See Goldwar, Inc. v. Heiman*, 369 U.S. 463, 466-467 (1962); *Lafferty v. St. Riel*, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating the language of § 1406(a) is broad enough to authorize transfer of cases where plaintiff has filed in a court not having jurisdiction). "Such a transfer is appropriate if 'in the interests of justice.'" *Meyers v. Martinez*, 402 F. App'x. 735, 735 (3d. Cir. 2010) (citing 28 U.S.C. § 1631, allowing transfer to cure for want of jurisdiction). The interests of justice suggest this case should be transferred to the District of Arizona. *See Telesis Mergers & Acquisitions v. Atlantis Federal*, 918 F.Supp. 823, 835 (D.N.J. 1996) (interests of justice dictate transfer under § 1406(a) rather than dismissal for lack of personal jurisdiction). District courts have "broad discretion in deciding whether to order a transfer." *Fritsch v. F/V Anna Marie*, No 05-34959, 2006 WL 995411, at *3, n. 5 (D.N.J. April 11, 2006). The warden with custody over Littles is in Tucson, Arizona. Littles filed his petition for *habeas corpus* relief *pro se*, and the interests of justice warrant transfer, not dismissal, so this matter can be resolved in a just and judicially economical manner.

KEARNEY, J.